UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:17-CR-0220 |
| | § | |
| FRANCISCO ORELLANA | § | |

## MEMORANDUM AND ORDER

Pending before this Court is Defendant's Motion for Compassionate Release. (Doc. No. 41). Defendant Francisco Orellana seeks release from his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) because of the increasing health risks posed by the current global pandemic caused by the novel coronavirus, especially to incarcerated populations. The Government opposes Defendant's Motion. (Doc. No. 43).

Defendant pleaded guilty to two counts of felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) in August 2017. In September 2017, he was sentenced to fifty months of imprisonment, followed by three years of supervised release. He is currently set to be released on January 28, 2021. (Doc. No. 41, at 1). Defendant is currently incarcerated at Cumberland FCI in Cumberland, Maryland. *Id.* While in his Motion, Defendant requested that the Court reduce his sentence to time served, his counsel has requested in subsequent hearings that, in the alternative, the Court modify the remainder of his sentence such that Defendant may serve it in home confinement.

Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which authorizes a district court to grant such relief either upon motion by the Director of the Bureau of Prisons (BOP) or upon motion of the defendant "after the defendant has fully exhausted all

1

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant has not alleged that he has made any request to the warden of Cumberland FCI or otherwise sought relief within the BOP. Because Defendant has not attempted to exhaust his administrative rights, the Court is unable to grant compassionate release. However, this Order does not bar Defendant from later seeking relief again once he has filed the requisite request with the warden of Cumberland FCI. Indeed, Defendant may consider refiling a motion for compassionate release before the thirty-day exhaustion period completely runs, given the extraordinary circumstances surrounding the spread of the novel coronavirus within prisons and other detention facilities. *See, e.g.*, *United States v. Jemal*, No. 15-570, 2020 WL 1701706, at *3 (E.D. Pa. Apr. 8, 2020) (granting BOP fourteen days to consider compassionate relief request before considering defendant's argument on futility exception to exhaustion, given developments of COVID-19 pandemic); *United States v. McCarthy*, No. 3:17-CR-0230, 2020 WL 1698732, at *3–4 (D. Conn. Apr. 8, 2020) (waiving exhaustion requirement given urgency of request, futility of exhaustion, and high potential for serious health consequences); *United States v. Perez*, 17 Cr. 513-3, 2020 WL 1546422, at *2–3 (S.D.N.Y. Apr. 1, 2020) (same).

Because Defendant has not filed a request for compassionate release with the warden of Cumberland FCI, as required under 18 U.S.C. § 3582(c)(1)(A), the Court hereby **DENIES** Defendant's Motion for Compassionate Release without prejudice for refiling after Defendant's request is delivered to the warden.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 10th day of April, 2020.

                                                    KEITH P. ELLISON
                                                    UNITED STATES DISTRICT JUDGE